### HEATON v. VILLAGE OF CHESTER.

(Supreme Court, Special Term, Orange County.   June 30, 1908.)

WATERS AND WATER COURSES—RULES OF STATE BOARD OF HEALTH—ENFORCEMENT.

Under Public Health Law (Laws 1893, pp. 1518, 1519, c. 661, §§ 70, 72), as amended by Laws 1904, pp. 1238–1241, c. 484, rules of the state department of health for protecting a public supply of potable water for a village cannot, without payment of damages, be enforced by the village, as to ordinary and reasonable use, against one who has conveyed land on a

pond to the village, reserving the right to use the water for purpose of allowing stock to water therein, and such other uses as were then enjoyed by him.

Action by Stephen B. Heaton against the village of Chester. Judgment for plaintiff.

Watts & Cox, for plaintiff.

A. H. F. Seeger, for defendant.

TOMPKINS, J. The facts in this case are the same as in the case of George v. Village of Chester, 111 N. Y. Supp. 722, except that the plaintiff herein, about the year 1895, conveyed to the defendant a certain piece of land adjoining a part of the waters of Long Pond, or Walton Lake, to enable the village of Chester to build its dam and deepen the water of the lake, by overflowing the lands thus conveyed, together with other lands which were acquired by the defendant at the same time; but in the deed of conveyance, the plaintiff herein made the following reservation:

"Reserving, nevertheless, the right and privilege to myself, my heirs and assigns, forever, to use the waters of said pond, for the purpose of allowing stock, cattle, and horses to water therein, as heretofore used by me, and also the right to gather ice therefrom, and such other uses as are now enjoyed by me."

This reservation, in my opinion, places the plaintiff herein in the same position, so far as this action and the questions involved herein are concerned, as the plaintiff in the case of George v. Village of Chester, and entitles the plaintiff to the same relief, provided the evidence justifies a finding that the defendant has interfered with, or threatened to interfere with, the plaintiff's rights in the waters of said lake. I think the facts developed at the trial, and the matters set forth in the answer, justify the conclusion that it is the defendant's intention to enforce the rules and regulations of the state health commissioner against the plaintiff, unless enjoined from so doing, and that it is the defendant's intention and purpose to enforce said rules and regulations, if permitted to do so.

Judgment for the plaintiff for an injunction, but without damages, and for the costs of this action.